JOHN L. BURRIS, ESQ. (SBN 69888)
BEN NISENBAUM, Esq. (SBN 222173)
K. CHIKE ODIWE, ESQ. (SBN 315109)
BRANDON YEE, ESQ. (SBN 344583)
BURRIS, NISENBAUM, CURRYAND LACY, LLP
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873
john.burris@bncllaw.com
ben.nisenbaum@bncllaw.com
chike.odiwe@bncllaw.com
brandon.yee@bncllaw.com

Attorneys for Plaintiff
ANTHONY ALLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALLEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, a municipal corporation; JOHN KRIEG, individually and in his official capacity a sheriff's deputy for the Contra Costa Sheriff's Department and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983; and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.     This case arises out of Contra Costa County's unconstitutional seizure of Anthony Allen. On August 19, 2023, multiple officers from the Contra Costa County Sheriff's office,

without legal justification, removed Mr. Allen from his car and proceeded to use needless and excessive force against him.

2.  This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used during Mr. Allen's arrest.

## JURISDICTION AND VENUE

3.  This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Richmond, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.  Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

4.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.  Plaintiff ANTHONY ALLEN (hereinafter "Plaintiff") has been and is a resident of California and a United States Citizen.

6.  Defendant JOHN KRIEG (hereinafter "Defendant Krieg"), was a deputy for the Contra Costa Sheriff's Department, and is sued individually and in his official capacity.

7. Defendant COUNTY OF CONTRA COSTA (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Contra Costa County Sheriff's Office and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of Defendant John Krieg and Defendant Does, individually and as a peace officer.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California Government Code Section 910. Plaintiff submitted a claim under the CA Tort Claims Act on February 15, 2024. The Tort Claim was rejected by the County of Contra Costa on March 26, 2024. Plaintiff has exhausted all administrative remedies pursuant to California law.

## GENERAL ALLEGATIONS

10. On August 19, 2023, multiple Contra Costa Sheriff's Department deputies violently assaulted Plaintiff at or near Rolling Hills Memorial Park in Richmond, California.

11. Plaintiff was driving from a football scrimmage at DeAnza High School, where Plaintiff is the junior varsity coach, and had coordinated with his stepfather to meet at his

stepfather's mother—his grandmother's—house. The Chevron, where the deputies stopped Plaintiff, was up the hill from his grandmother's house. Allen was driving down the roadway towards Hilltop Greens, when he saw the deputy parked in the plaza, where the Chevron was located. Defendant Krieg pulled Plaintiff over on the Chevron side. Defendant Krieg got out of his car and walked over to Plaintiff's truck. Plaintiff rolled down his window.

12. Defendant Krieg asked Plaintiff his name and what happened to his truck because the truck had cosmetic damage, which was from several months ago. Defendant Krieg told Plaintiff that his tags were bad. Plaintiff responded to Defendant Krieg by telling him that his tags were being processed. Defendant Krieg asked Plaintiff for his ID and insurance. Plaintiff told Defendant Krieg that he had an SR-22.

13. Defendant Krieg went back to his vehicle. Defendant Krieg came back and asked Plaintiff again about the cosmetic damage to his truck. Defendant Krieg asked Plaintiff to step out of his truck. Plaintiff asked Defendant Krieg why he had to step out of the safety of his truck. Suddenly, Defendant Krieg reached through Plaintiff's open car window and forcibly removed Plaintiff's keys from the ignition. Next, Defendant Krieg tried to forcibly unlock Plaintiff's door. Plaintiff started to panic. Plaintiff told Defendant Krieg that it was unlawful for Defendant Krieg to open Plaintiff's door without telling him the reason for the traffic stop.

14. Plaintiff reached for his cellphone to try to call his stepfather. Plaintiff remained fastened in his seatbelt as he called his stepfather. Defendant Krieg violently attempted to pull Plaintiff out of the car door even though he was clearly fastened in his seatbelt.

15. Plaintiff spoke to his stepfather and said, "Dad, this guy is trying to take me out of the car." Plaintiff's stepfather asked who the person was.

16. Plaintiff then felt his entire body getting violently pulled out of the truck. Defendant Krieg then pushed Plaintiff up against his truck. Defendant Krieg violently grabbed Plaintiff's left hand and twisted it behind Plaintiff's back. Plaintiff is a 5'7" male who weighed 140 pounds, at the time of the incident.

17. As Plaintiff tried to understand the situation, he saw a second patrol car driving up to the scene. The second deputy ran to where Defendant Krieg and Plaintiff were and used his palm to violently push Plaintiff's face into Plaintiff's truck. The two deputies spread Plaintiff's legs.

18. Another deputy arrived. All three deputies lifted Plaintiff up. As they lifted Plaintiff up, his legs flared out, inadvertently striking the second deputy. The second deputy yelled out, "You're kicking me!" The deputies violently slammed Plaintiff to the ground. Plaintiff lost control of his right hand, which he previously held his phone in. The deputies held Plaintiff in a "Superman pose"—arms and legs fully extended out.

19. Plaintiff's phone rang, his ex-girlfriend, requested a FaceTime call, Plaintiff accepted the call. Plaintiff's ex-girlfriend witnessed part of the incident, including the deputies using force on Plaintiff. She shouted, "You're kicking and beating him up. You can't do that."

20. A fourth deputy arrived. One of the deputies yelled that they were going to tase Plaintiff. The deputies kept yelling "stop resisting" and tried to get Plaintiff's hands behind his back. The deputies threw Plaintiff into the back of a patrol car.  They brought Plaintiff through the rear passenger's side. A deputy pushed him towards the driver's side. Plaintiff's foot was still hanging in the door jamb of passenger side. Another deputy removed Plaintiff from the back of the patrol car by his handcuffs. A deputy then brought Plaintiff back into the patrol car, with Plaintiff's legs still stuck in the door.

21. Since Plaintiff's family had planned to meet up at his grandmother's house and Plaintiff made the phone call to his father, Plaintiff's family drove to the scene to ascertain the incident. Defendant Krieg said he pulled Plaintiff over for driving erratically and smelled alcohol on his breath, however, none of the deputies conducted a DUI test on Plaintiff. Another deputy told Plaintiff's mother that Plaintiff was arrested for a warrant and wrongfully accused Plaintiff of assaulting the deputies.

22. As a result of the incident, the deputies took Plaintiff to Martinez Detention Facility where he stayed for a day on allegations of PC 1203.2, VC23540, VC 23152(a), and PC 69(a). As of present, no charges have been filed against Plaintiff.

23. As a result of the incident, Plaintiff sustained psychological and physical injuries, including, including but not limited to a soft issue contusion with associated swelling over the right temporal parietal scalp with extension onto the lateral forehead; right lateral forehead soft tissue swelling; somewhat diffuse tenderness to palpation of the paraspinous soft tissues of the upper to lower lumbar back bilaterally; bruising soft tissue contusion about the left anterior and somewhat lateral shoulder with extension onto the left upper lateral chest; assorted contusions and abrasions of both forearms; noticeable tenderness to palpation about the dorsum of the right wrist with diminished range of motion secondary to pain; assorted abrasions on the lower extremities over the anterior and somewhat lateral aspect of the mid to lower legs; and tenderness to palpation over the soft tissues of the right lateral malleolus overlying the ligamentous structures.

24. The actions and omissions of County and the Defendant Contra Costa County Sheriff's officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their

employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.

25. Plaintiff is informed and believes and thereon alleges that County and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1 through 25. Their failure to discipline DOES 1 through 25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up DOES 1 through 25's inclusive, misconduct.

26. Plaintiff is informed and believes and thereon alleges that members of the Contra Costa County Sheriff's Office, including, but not limited to DOES 1 through 25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary, and/or unreasonable force against individuals, including, but not limited to Plaintiff.

27. Plaintiff is informed and believes and thereon alleges that County knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

28. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiffs' rights, negligent, and objectively unreasonable.

## DAMAGES

29. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally,

emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

30. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Krieg and DOES 1-25)**

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Defendants shall be liable to an injured party whose rights are violated under the rights secured by the United States Constitution. Under the United States Constitution, citizens have constitutionally protected rights, including, but not limited to the right to be free from excessive force.

33. Defendants removed Plaintiff from his car then proceeded to use unnecessary force against Plaintiff without legal cause.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Monell – Municipal Liability for Unconstitutional Custom or Policy)**
**(42 U.SC. § 1983)**
**(Against Defendants County and DOES 26 - 50)**

34. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35.     On information and belief Defendants DOES 1-25 conduct, individually and as peace officers was ratified by County's sheriff's department supervisorial officers DOES 26-50.

36.     On information and belief, Defendants were not disciplined for their unlawful search and seizure of Plaintiff.

37.     On and for some time prior to August 19, 2023, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth, and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

38.     Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written County Sheriff's Department policies, including the use of excessive force, respect for the First Amendment, and permitting access to medical care; Of inadequately supervising, training, controlling, assigning, and disciplining County Sheriff's officers, and other personnel, including Defendants who County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care; By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants

who are Sheriff's Officers of County; by failing to discipline County Sheriff's Officers' conduct, including but not limited to, unlawful seizures, excessive force, denying access to medical care, and violations of the First Amendment; by ratifying the intentional misconduct of Defendants and other officers who are Sheriff's officers of County; by having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and by failing to properly investigate claims of unlawful seizures and excessive force by County Sheriff's Officers.

40. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was suffered harm for which Plaintiff is entitled to recover damages.

41. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

42. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff.  Each of their actions was willful,

wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

43. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of Bane Act CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants Krieg and DOES 1-25)**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

46. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

47. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

48. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

49. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants Krieg and DOES 1-50)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County.  As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

52. Defendants acted negligently in their seizure of Plaintiff and in their conduct committed against Plaintiff.

53. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

54. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Battery)
### (Against Defendants Krieg and DOES 1-25)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of this Complaint.

56. Defendants acted with intent to cause harmful or offensive contact or threatened to touch plaintiff in a harmful or offensive manner. Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner. Moreover, it reasonably appeared to plaintiff that defendants were about to carry out the threat. Plaintiff did not consent to defendants' harmful contact. Plaintiff was harmed. Defendants' conduct was a substantial factor in causing plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (False Imprisonment)
### (Against Defendants Krieg and DOES 1-25)

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 of this Complaint.

58. Defendants intentionally deprived Plaintiff of his freedom of movement.

59. The restraint compelled Plaintiff to stay somewhere for some appreciable time, however short.

60. Plaintiff did not knowingly or voluntarily consent.

61. Plaintiff was actually harmed.

62. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotion Distress)**
**(Against Defendants Krieg and DOES 1-25)**

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 of this Complaint.

64. Defendants' conduct as described herein was outrageous.

65. Defendants intended to cause Plaintiff emotional distress.

66. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

67. Plaintiff suffered severe emotional distress from Defendants' harassment.

68. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

69. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

70. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to the individual defendants Krieg and DOES 1 through 25 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: June 24, 2024                                **Burris, Nisenbaum, Curry, and Lacy**

/s/ *John L. Burris*
John L. Burris
Ben Nisenbaum
K. Chike Odiwe
Brandon Yee
Attorneys for Plaintiff